Filed 5/24/23  In re M.H. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re M.H. et al., Persons Coming Under the Juvenile Court Law. | |
| | D081211 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| | (Super. Ct. No. EJ4774A/B) |
| Plaintiff and Respondent, | |
| v. | |
| M.L., | |
| Objector and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Mark T. Cumba, Judge.  Affirmed.

Monica Vogelmann, under appointment by the Court of Appeal, for Objector and Appellant.

Claudia G. Silva, County Counsel, Lisa M. Maldonado, Chief Deputy County Counsel, and J. Jeffrey Bitticks, Deputy County Counsel, for Plaintiff and Respondent.

M.L. appeals from an order denying her request to be declared a de facto parent of her nephews, M.H. and J.H.[1] She contends the juvenile court abused its discretion by denying the requests based on its consideration of an improper factor, that the children had not been in her care, and had instead been placed with their father (Father) for the previous six months. The Agency contends, and M.L. now concedes, that the appeal is moot because the juvenile court granted Father custody and terminated jurisdiction the following week. We agree and dismiss the appeal as moot.

FACTUAL AND PROCEDURAL BACKGROUND

M.L. is the paternal aunt of M.H. and J.H. (the children). The paternal grandmother previously had guardianship of the children, and M.L. lived in the home with them. The children were removed from the paternal grandmother in January 2022. After being returned to the home for a short period of time, the guardianship was terminated and, on May 12, 2022, the children were placed with Father.

On October 25, 2022, M.L. filed requests for de facto parent status and de facto parent statements regarding the children. In the parent statement forms, M.L. indicated that she lived with and had responsibility for the day-to-day care of both children for most of their lives, up until May 12, 2022, when they were placed with Father. She claimed she was their primary care provider during the day, due to the paternal grandmother's work schedule. She said she spent about six to eight hours a day with them, helped them with their homework, read to them at night, and knew their medical histories and educational needs. And, she alleged the children had been "verbally and physically abused" and "emotionally neglected" since being placed in Father's

---

[1] M.L. asserts that she also filed a de facto parent request for a third nephew, I.H., but concedes that the proceedings from which she appealed concern only M.H. and J.H.

2

care.  M.L. referenced a USB drive in her declaration but in the attached cover letter, she said she did not include the USB drive and instead directed the court to a website where she claimed the court would find "several videos [that] will prove my allegations."

The juvenile court ordered a hearing on the de facto parent status request for November 10, 2022, to trail a family maintenance hearing.  At the outset of the hearing, minor's counsel asked for a brief continuance.  She noted the Agency's recommendation was to terminate jurisdiction, with the children continuing to live with Father, but that minor's counsel wanted to meet with the children in the home first.  The court agreed to continue the family maintenance portion of the hearing for one week, and further agreed that Father and the children would not need to be physically present for the continued hearing, as they had already made arrangements to be out of state.

Father's counsel then informed the court that Father did want to be present for the hearing on the de facto parent request, and so the court proceeded with that hearing.  The Agency argued M.L. did not meet the definition of a de facto parent because Father had been caring for the children since May.  In addition, the Agency pointed out that the case would likely close the following week, at which point any de facto parent status would also terminate.  Father's counsel took a similar position and noted that there had been a history of harassment between Father and the paternal grandmother, and that M.L. had made accusations against Father in her supporting declaration without evidentiary support.  Minor's counsel also argued in favor of denying the request.  She asserted any information M.L. could offer would be historical information that the juvenile court already had, and also pointed out that the children had been removed from the home in which M.L. claimed to have been providing day-to-day care.

3

After hearing argument, the juvenile court denied M.L.'s request. The court noted it had reviewed the supporting declaration and documents for the application and stated it would not grant an evidentiary hearing and would decide the matter based on the court file and arguments. The court found that M.L. had not met her burden to prove she was a de facto parent, and explained, "so for those reasons, based on the fact that the Father has been caring for the children exclusively since I believe it was May and has been providing for the children since that time, also based on the arguments by counsel that it is expected that this matter will close next week pending an investigation by minors' counsel of the home of the Father as well as the fact that there's information that the applicant has not been exclusively in care and when was in care, there were some, I guess, deficiencies in what was necessary for the kids to thrive. So for that reason, the court does not find that the burden has been met."

M.L. filed a notice of appeal from the order denying her request for de facto parent status that same day. As expected, at the continued family maintenance hearing on November 17, 2022, the juvenile court granted custody to Father and terminated its jurisdiction over the children.

## DISCUSSION

M.L.'s sole contention on appeal is that the juvenile court abused its discretion by failing to grant her de facto parent status. The Agency asserts the appeal should be dismissed as moot because the juvenile court has since terminated its jurisdiction over the children and, thus, this court cannot provide M.L. any effective relief. In her reply brief, M.L. concedes "the appeal may be moot." We accept the concession and agree that the appeal should be dismissed as moot.

"When no effective relief can be granted, an appeal is moot and will be dismissed." (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315.) " ' " '[T]he duty of this court . . . is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.' " ' " (*Id.* at p. 1316.) When an event occurs during the pendency of an appeal that makes it impossible to grant the appellant effectual relief on a decision in the appellant's favor, the appellate court will dismiss the appeal. (*Ibid.*) The question of whether subsequent events in a juvenile dependency case render any given issue moot must be decided on a case-by-case basis. (*In re Dylan T.* (1998) 65 Cal.App.4th 765, 769.)

Here, there is no effective relief this court can provide to M.L. The only issue M.L. raises on appeal is that the juvenile court erred by declining to grant her request for de facto parent status. But, as she concedes, the juvenile court terminated jurisdiction in the matter just one week later. Thus, even if the juvenile court had granted M.L. de facto parent status, that status would have terminated along with the jurisdiction. M.L. cannot be granted de facto parent status in a matter that is no longer pending in the juvenile court, and she does not contend the order terminating jurisdiction should be reversed. Accordingly, the appeal is moot and must be dismissed.

5

## DISPOSITION

The appeal is dismissed as moot.

O'ROURKE, J.

WE CONCUR:

HUFFMAN, Acting P. J.

KELETY, J.

6